IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| EDMUND AWAH | * |
| Plaintiff, | * |
| v. | *   Civil Action No. AW-09-116 |
| MARC R. DONATY, | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Plaintiff Edmund Awah ("Awah") brings this action against Defendant Marc R. Donaty ("Donaty"), alleging Donaty falsely claimed Awah owed money to Antwerpen Motorcars, LTD. in a complaint Donaty filed in the District Court of Baltimore County. Awah seeks compensatory and punitive damages. Currently pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 23). The Court has reviewed the entire record with respect to the instant motion. The issues have been fully briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will GRANT Defendant's Motion for Summary Judgment.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Donaty, a debt collector, brought a claim against Awah in the District Court of Maryland for Baltimore County, on November 12, 2005, claiming Awah owed money to Antwerpen Motorcars, LTD. The Baltimore County District Court awarded default judgment against Awah for $4,085.00 on June 29, 2006. Awah discovered that the default judgment appeared on his credit report after his application for a lease was denied in August 2008. He learned that state

courts are statutorily obligated to report court judgments to credit bureaus, and thus the default judgment against him resulted in the automatic reporting to the credit reporting agency. Awah filed this case on January 16, 2009, claiming that Donaty had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e), by making misrepresentations in the complaint he filed with the District Court of Baltimore County which led to the reporting of the default judgment on Awah's credit report. Awah alleges that "Antwerpen Motorcars, Ltd is non-existent, and therefore a mental creation of Defendant, to fraudulently coerced [sic] Plaintiff into giving out money to Defendant." (Docket No. 44).

## II.     STANDARD OF REVIEW

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the nonmoving party is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998). Additionally, hearsay

statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

Courts must construe complaints filed by *pro se* plaintiffs "liberally," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

### III. ANALYSIS

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.S. § 1692. The FDCPA bans debt collectors from using false information to collect debts. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.S. § 1692(e).

To make a successful claim under the FDCPA, a Plaintiff must show:

(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.

*Dikun v. Streich*, 369 F. Supp. 2d 781, 785 (E.D. Va. 2005).

As a preliminary matter, the Court has doubts as to whether the FDCPA provides protection against the injury Plaintiff allegedly suffered. The FDCPA shields debtors from misrepresentations by debt collectors. Plaintiff alludes to this fact when explaining that, "'alleged misrepresentations' on its own does not constitute a violation under section 1692," though

3

Plaintiff argues that misrepresentations in combination with a report to a credit reporting agency are sufficient to make a claim under the FDCPA. As neither party has briefed this issue, however, the Court will dispose of the Motion based on the arguments presented to it.

Defendant moves for summary judgment on several grounds. First, Defendant argues it never provided any information to any credit reporting agency, and thus cannot be sued for an FDCPA violation on that ground. Plaintiff insists it is not contending that Donaty filed any information with the credit reporting agency, but rather, is challenging the "false misrepresentations" in the Complaint which led to the default judgment against it, which in turn led to the negative credit filing. Plaintiff explains that it is not seeking review of the state court judgment, but rather, its claim is "based essentially on the filing of derogatory reports as a direct consequence of Defendant's false claims before Baltimore County District Court." (Docket No. 26). Thus, it appears Plaintiff challenges Donaty's state court Complaint insofar as it led to the negative filing with the credit reporting agency.

Next, Defendant argues Plaintiff's FDCPA claim is barred by the FDCPA's one-year statute of limitations. 15 U.S.C. § 1692(k). Plaintiff contends the relevant date tolling the statute is August 2008—the date when he discovered his credit was tarnished. (Docket No. 44).

Under the FDCPA:

> An action to enforce any liability created by this title [15 USCS §§ 1692 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C.S. § 1692(k). Because it states the tolling date is "the date on which the violation occurs," the statute clearly does not countenance Plaintiff's argument that the date it discovered the alleged violation tolls the statute. 15 U.S.C.S. § 1692(k). Defendant's argument that its filing

4

of the alleged fraudulent complaint is the violation that tolls the statute is consistent with the statute. As Donaty filed the Complaint on November 21, 2005, and Awah filed the instant case on January 16, 2009, Awah clearly brought his FDCPA challenge after the statute of limitations expired.

Plaintiff cannot reasonably argue that the violation he is challenging is not the misrepresentation in the November 21, 2005 Complaint itself, but rather, the credit report filing that resulted from it, as Defendant admittedly had no control over the consequences of the default judgment.

As the Court grants Defendant's Motion for Summary Judgment on the ground that Plaintiff's claim is time-barred, the Court need not address the parties' arguments about whether the *Rooker-Feldman* doctrine bars Plaintiff's claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion for Summary Judgment. A separate Order will follow.

   November 4, 2009                                               /s/

                                                               Alexander Williams, Jr.
                                                               United States District Judge